THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:99-cr-00075-MR-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL JAMES PATTERSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to File under Seal [Doc. 357].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. For grounds, counsel states that the memorandum contains "privileged medical information." [Doc. 357 at 1].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). Where sealing is

allowed, the defendant is still required to file in the public record a redacted sentencing memorandum with only those portions that are allowed to be sealed having been redacted. See id. at 491-92

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on May 12, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. Id.

Here, the Defendant seeks to seal the entire Sentencing Memorandum on the grounds that it contains "privileged medical information." [Doc. 357 at 1]. However, the only medical information contained therein appears to be

related to the Defendant's substance abuse issues and particularly his addiction to crack cocaine. Specifically, the Defendant argues that his addiction "substantially contributed to his criminal history and to his involvement in a drug conspiracy in 1997 as a 'street-level dealer.'" [Doc. 356 at 5]. Additionally, the Defendant argues that his subsequent revocations of supervised release were largely a result of relapses he had. [Id. at 6-8]. The Defendant argues, however, that he remains focused on addressing his substance abuse issues. [Id. at 8]. Given his "strong desire to maintain sobriety," the Defendant requests a sentence of ten months. [Id. at 9].

The Defendant's substance abuse issues are central to the argument the Defendant presents in favor of the relief sought. Therefore, the public's right to know the bases for the actions of this Court outweigh any privacy interest of the Defendant with respect to these issues. Accordingly, the Defendant's Motion to File under Seal is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File under Seal [Doc. 357] is **DENIED**. The Clerk is directed to unseal the Defendant's Sentencing Memorandum [Doc. 356] prior to the revocation hearing in this matter.

**IT IS SO ORDERED.**  Signed: May 21, 2021

Martin Reidinger
Chief United States District Judge